In the United States District Court
for the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Claire Stanley, Derek Manners, and Christopher Stewart, on behalf of themselves and all others similarly situated, | § § § § § | Civil Action No. 3:16-cv-01113-O |
| Plaintiffs, | § § | |
| v. | § § | |
| Barbri, Inc. aka Barbri Bar Review, Defendant. | § § § | |

**Defendant Barbri, Inc.'s Rule 12(b) Motions to Dismiss
and Brief in Support**

Respectfully submitted,

Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, LLP


By:   s/    R. Wayne Gordon
     R. Wayne Gordon
     Texas Bar No. 08206500
     wayne.gordon@tbjbs.com
     Amie P. Fordan
     Texas Bar No. 24036580
     amie.fordan@tbjbs.com
     4040 Renaissance Tower
     1201 Elm Street
     Dallas, Texas 75270
     Telephone: 214-741-1166
     Facsimile: 214-741-7548
     Attorneys for Defendant Barbri, Inc.

## Table of Contents

Table of Contents .......................................................................................................................... ii

Table of Authorities .................................................................................................................... iii

Defendant Barbri, Inc.'s Rule 12(b) Motions to Dismiss and Brief in Support ................... 1

I. Factual Background ................................................................................................................ 1

II. Plaintiffs' ADA claims should be dismissed because Plaintiffs have failed to
state a claim upon which relief can be granted. .............................................................. 3

    A. There is no clear authority whether the ADA applies to cyberspace, but
more circuits hold that the ADA only regulates discrimination with a
nexus to physical places. ................................................................................................ 3

    B. Title III prohibits entities from restricting access to the goods and
services offered at places of public accommodation, but it does not
require public accommodations to alter their goods and services. .................... 9

III. Plaintiffs' State Law Claims should be dismissed because Plaintiffs have failed
to state a claim upon which relief can be granted. .......................................................... 11

III. Plaintiffs' claims should be dismissed because Plaintiffs lacked standing to
assert their claims when they filed their Complaint ...................................................... 13

IV. Conclusion and Prayer ........................................................................................................ 15

## Table of Authorities

**Supreme Court Opinions**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Davis v. FEC*,
  554 U.S. 724 (2008) ............................................................................................. 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................. 14

*Schlesinger v. Reservists Comm. to Stop the War*,
  418 U.S. 208 (1974) ........................................................................................ 13-14

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ............................................................................................. 13

**Fifth Circuit Opinions**

*Chapman v. PacifiCare of Tex., Inc.*,
  Civil Action No. H-02-2188, 2002 U.S. Dist. LEXIS 27926 (S.D. Tex. Aug. 21, 2002) .... 8

*Dabney v. Highland Park Indep. Sch. Dist.*,
  Civil Action No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302 (N.D. Tex. Mar. 31,
  2016) ................................................................................................................... 12

*Kitty Hawk Aircargo, Inc. v. Chao*,
  418 F.3d 453 (5th Cir. 2005) ............................................................................... 14

*McNeil v. Time Ins. Co.*,
  205 F.3d 179 (5th Cir. 2000) ............................................................................... 11

**Federal Court Opinions**

*Access Now v. Sw. Airlines*,
  227 F. Supp. 2d 1312 (S.D. Fla. 2002) .............................................................. 4, 5

*Carparts Distrib. Ctr. v. Auto. Wholesaler's Ass'n*,
  37 F.3d 12 (1st Cir. 1994) ..................................................................................... 6

*Cullen v. Netflix, Inc.*,
  600 F. App'x 508 (9th Cir. 2015) .......................................................................... 4

*Doe v. Mut. of Omaha Ins. Co.*,
  179 F.3d 557 (7th Cir. 1999) ........................................................................... 6, 10

*Ford v. Schering-Plough Corp.*,
   145 F.3d 601 (3d Cir. 1998) ............................................................................ 4, 8, 9

*Nat'l Fed'n of the Blind v. Scribd Inc.*,
   97 F. Supp. 3d 565 (D. Vt. Mar. 19, 2015) ............................................................ 6

*Nat'l Fed'n of the Blind v. Target Corp.*,
   452 F. Supp. 2d 946 (N.D. Cal. 2006) ............................................................ 4, 5, 6

*Parker v. Metro. Life Ins. Co.*,
   121 F.3d 1006 (6th Cir. 1997) ......................................................................... 4, 8, 9

*Rendon v. Valleycrest Prods.*,
   294 F.3d 1279 (11th Cir. 2002) ................................................................................ 4

*Weyer v. Twentieth Century Fox Film Corp.*,
   198 F.3d 1104 (9th Cir. 2000) ............................................................................. 4, 9

## United States Code

28 U.S.C. § 12182 (2012) ............................................................................................ 4, 5
28 U.S.C. § 12182(a) (2012) ............................................................................................ 4

## State Statutes

Tex. Hum. Res. Code Ann. § 121.002(5) ................................................................... 12
Tex. Hum. Res. Code Ann. § 121.003(c) .................................................................... 12
Tex. Hum. Res. Code Ann. § 121.003(d) .................................................................... 12

## Rules

Fed. R. Civ. P. 5(b)(2) .................................................................................................. 16
Fed. R. Civ. P. 12(b)(1) ................................................................................................ 15
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 3, 12, 13

## Other

28 C.F.R. pt. 36 (2013) ................................................................................................. 3, 5
28 C.F.R. § 36.104 (2013) .................................................................................................. 5
56 Fed. Reg. 35,544 (July 26, 1991) ........................................................................ 9-10
75 Fed. Reg. 43,460 (July 26, 2010) ........................................................................... 6-7
81 Fed. Reg. 28,658 (May 9, 2016) ............................................................................ 7, 8

**Defendant Barbri, Inc.'s Rule 12(b) Motions to Dismiss
and Brief in Support**

Defendant Barbri, Inc. moves to dismiss the claims and causes of action asserted against it in the above-referenced case on the following grounds: (1) Plaintiffs' ADA claims arising out of accessibility issues on barbri.com should be dismissed because the ADA does not apply to websites unless there is a nexus between the alleged discrimination and a physical place of public accommodation, and public accommodations are not required to alter their goods or services to comply with the ADA; (2) all of the Plaintiffs' claims under the Chapter 121 of the Texas Human Resources Code should be dismissed for failure to state a claim because the statute only applies to physical access of public facilities, not cyberspace or electronic materials; and (3) Plaintiffs lack subject matter jurisdiction because, according to their own judicial admissions in their Complaint, they had not sustained any damages and they had not been discriminated against in violation of the ADA on the date they filed suit. In support of this Motion, Barbri would show the Court as follows:

## I.    Factual Background

1.    Plaintiffs Claire Stanley, Derek Manners, and Christopher Stewart filed this suit to recover damages and injunctive relief from Barbri on the grounds that Barbri will deny them the full use and enjoyment of Barbri's Summer 2016 bar review course. *See generally* Plaintiffs' Complaint (Doc. 1).

2.    Plaintiffs are visually-impaired. Plaintiffs generally allege Barbri has discriminated against them on the basis of their disabilities "[b]y refusing to provide an accessible

website, mobile app, and course materials," by failing to make reasonable modifications, and by failing to take steps necessary to ensure no individual with a disability is excluded, denied services, or otherwise treated differently because of the absence of auxiliary aids and services. *See,* Plaintiff's Complaint (Doc. 1) at ¶¶ 75, 78. They more specifically allege that in the past, plaintiff Claire Stanley was discriminated against when: (a) she was unable to access the MPQ Question sets in the StudySmart section of barbri.com because it was not compatible with her screen reader; (b) she was unable to use the "Essay Architect" program on barbri.com because it was not compatible with her screen reader; (c) features on barbri.com were not accessible on Barbri's iOS mobile application; (d) the PDF versions of books and handouts did not have page numbers detectable by Stanley's screen reader, and the Microsoft Word versions of these materials did not have page numbers that corresponded to the PDF and hard copy versions of the materials; and (e) the Braille version of Barbri's Conviser "mini review" had not been properly formatted. *See,* Plaintiffs' Complaint (Doc. 1) at ¶¶ 42-47. Although the Plaintiffs allege that Barbri offers in-person lectures and leases or owns lecture halls, Plaintiffs make no allegations that the physical facilities or the services offered at those physical facilities are inaccessible to them. Rather, all of Plaintiffs' accessibility complaints derive either from the compatibility of features and programs on barbri.com with the Plaintiffs' screen readers, or complaints about the formatting of electronic versions of Barbri's course materials. Plaintiffs' Complaint (Doc. 1) at ¶¶ 42-47.

3.  As of the date of the filing of this suit, the only named plaintiff who had participated in the Barbri law review course was Claire Stanley. By their own admissions, alt-

hough each of the three plaintiffs had enrolled to take Barbri's Summer 2016 course, the course had not yet started as of the date of the filing of the Complaint.

4.     As set forth fully in Barbri's Original Answer, which will be filed contemporaneously with this Motion and Brief, Barbri denies that it has violated the ADA or the Texas Human Resources Code.

## II.     Plaintiffs' ADA claims should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.

5.     The ADA (Title III) and corresponding regulations at 28 C.F.R. pt. 36 (2013) do not specifically require the modifications to website content and materials as requested or referred to in Plaintiffs' Complaint. Software and programs made available to bar review students on barbri.com are not subject to regulation under the ADA because Barbri's website programs and materials do not affect access to a physical place of public accommodation, and barbri.com is not a place of public accommodation under the ADA. Because Plaintiffs have not alleged any facts to demonstrate a nexus between the allegedly discriminatory conduct and a physical place of accommodation, all Plaintiffs have failed to plead sufficient facts to state a valid cause of action for which relief may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to Fed. R. Civ. P. 12(b)(6), Barbri moves to dismiss the Plaintiffs' ADA claims for injunctive relief.

### A. There is no clear authority whether the ADA applies to cyberspace, but more circuits hold that the ADA only regulates discrimination with a nexus to physical places.

6.     While Title III of the ADA generally prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation," Title III has no provisions that specifically address the applicability of the ADA to cyberspace. 28 U.S.C. § 12182. Federal courts throughout the country are currently split on whether Title III requires website owners and operators to make their websites accessible to blind users. Courts in the Ninth, Sixth, Third, and Eleventh Circuits have held that places of public accommodation are not covered by the ADA unless there is sufficient nexus between the discrimination alleged and a physical place. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006); *Access Now v. Sw. Airlines*, 227 F. Supp. 2d 1312 (S.D. Fla. 2002); *Cullen v. Netflix, Inc.*, 600 F. App'x 508 (9th Cir. 2015); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1011 (6th Cir. 1997); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998); *Rendon v. Valleycrest Prods.*, 294 F.3d 1279 (11th Cir. 2002).

7.  The ADA prohibits discrimination in the full use and enjoyment of goods and services "of any place of public accommodation." 28 U.S.C. § 12182(a). The term "public accommodation" is defined to include a variety of establishments that are all actual, physical places where goods or services are open to the public, and places where the public get such goods and services. *Weyer*, 198 F.3d at 1114. In light of use of the phrase "place of public accommodation," the statute should be interpreted to require some connection between the good or service complained of and an actual physical place. *Id.* (citing *Parker*, 121 F.3d at 1015). To hold that the ADA regulates access to the full use and enjoyment of all goods and services provided by an entity that otherwise fits the

definition of "public accommodation" would require the court to disregard the words "place of" within the statutory provision. Consequently, Title III of the ADA should not be interpreted to regulate allegedly discriminatory practices unrelated to places. *Id.* Considering that the Internet does not exist in any particular geographical location, the statute does not clearly include cyberspace or the Internet within its scope. *Access Now*, 227 F. Supp. 2d at 1321. "To expand the ADA to cover 'virtual' spaces would be to create new rights without well-defined standards." *Id.* at 1318.

8.      The regulations promulgated by the Department of Justice at 28 C.F.R. pt. 36 apply detailed and specific standards for implementation of the ADA by public accommodations, but there are currently no regulations specifically related to websites or Internet content. In fact, in the regulations, "place of public accommodation" is defined to mean "a facility operated by a private entity whose operations affect commerce" that falls within a list of various categories consistent with the ADA definition of public accommodation; the fact that the regulations use the word "facility" in the definition enforces the position that there is a distinction between a public accommodation and a place of public accommodation. *Id.* § 36.104. Because § 12182(a) uses the term "of a place of public accommodation," Congress must have intended the ADA to only regulate conduct with a connection to physical places.

9.      Furthermore, the Courts that have faced this issue with respect to websites specifically have required the nexus between the alleged discrimination and a physical place. *Nat'l Fed'n of the Blind*, 452 F. Supp. 2d at 956; *Access Now*, 227 F. Supp. 2d at 1321. Section 12182 prohibits denial of access to goods and services of a place of public ac-

commodation. Analyzing the statute in the context of an allegedly inaccessible Internet website for a retail store, a federal California district court noted that the statute would apply to the services *of* the place of public accommodation, not *in* the place of public accommodation. *Nat'l Fed'n of the Blind*, 452 F. Supp. 2d at 953. The district court clarified that if a website's inaccessibility impedes the full and equal enjoyment of goods and services offered at the physical stores, then the ADA applies. *Id.* at 956. However, to the extent a website offers information and services unconnected to the physical stores and which do not affect the enjoyment of the goods and services offered in the physical stores, the ADA does not apply. *Id.*

10. Courts in the Seventh, First, and Second Circuits, however, have held that the ADA covers discrimination suits against entities that qualify as public accommodations regardless of whether the discrimination bears any nexus to a physical location. *Carparts Distrib. Ctr. v. Auto. Wholesaler's Ass'n*, 37 F.3d 12 (1st Cir. 1994); *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557 (7th Cir. 1999); *Nat'l Fed'n of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565 (D. Vt. Mar. 19, 2015). The Department of Justice, which is tasked with promulgating guideline regulations for enforcing the ADA, has also taken the position that the ADA covers Web information under both Title II and Title III. The Department has issued Advance Notices of Proposed Rulemaking with respect to accessibility of web information under both Title II and Title III, but the rulemaking is still in the public comment phase and no new rules have yet been adopted. *See,* DOJ, Proposed Rule, *Nondiscrimination on the Basis of Disability: Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations,* 75 Fed.Reg. 43460 (July 26,

2010); DOJ, Supplemental Proposed Rule, *Nondiscrimination on the Basis of Disability: Accessibility of Web Information and Services of State and Local Government Entities*, 81 Fed. Reg. 28658 (May 9, 2016). As acknowledged by the Department of Justice in its July 26, 2010 advance notice of proposed rulemaking, "a clear requirement that provides the disability community consistent access to Web sites and covered entities clear guidance on what is required under the ADA does not exist" *See* 75 Fed. Reg. at 43464[1]. The proposed rules and requests for public comments further demonstrate: (a) there are no clear answers as to whether the ADA applies to Web information that bears no causal nexus to physical places (an issue that is best addressed by the legislature); and (b) even if the ADA does apply to virtual places of accommodation as currently enacted, what standards and requirements apply to constitute discriminatory conduct.

11.   The legislature has no provided guidance in the form of amendments to the ADA to address the holdings in those courts that would not apply the ADA to websites without a causal nexus between the ADA and a physical place of accommodation. The ADA was amended most recently in 2008 (Public Law 110-325, ADAAA) after the various circuit courts had issued differing positions on whether the ADA requires a nexus between the alleged discrimination and a physical place. Because Congress did not amend or clarify the ADA in 2008 to clearly include websites and cyberspace within the scope

---

[1] "Although the Department [of Justice] has been clear that the ADA applies to Web sites of private entities that meet the definition of "public accommodations," inconsistent court decisions, differing standards for determining Web accessibility, and repeated calls for Department action indicate remaining uncertainty regarding the applicability of the ADA to Web sites of entities covered by Title III." 75 Fed. Reg. at 43464.

of the ADA, Congress must not have seen a need to overrule the holdings in the Ninth, Third, and Sixth Circuits that require the nexus to physical places.

12.     Furthermore, as demonstrated by the Advance Notices of Proposed Rulemaking that have been issued by the Department of Justice, even if the ADA does require website accessibility, setting and implementing website accessibility standards is a complicated process that will not take effect for a number of years. 81 Fed. Reg. at 28664-65 ("Therefore, the Department is considering a two-year implementation timeframe for most public entities in an effort to balance the importance of accessibility for individuals with disabilities with the resource challenges faced by public entities."). Courts should not enable individuals to disregard the legislative and regulatory process by seeking to apply accessibility standards established solely through litigation.

13.     The U.S. Supreme Court has not yet considered this issue, leaving lower courts to follow the precedent set by the various circuit courts. The Fifth Circuit has not yet specifically addressed this issue of whether the ADA requires public accommodations to make their websites accessible. However, at least one federal district court in Texas has followed the precedent set by *Weyer, Ford,* and *Parker* in finding that the ADA does not provide protection from discrimination that is unrelated to physical places. *Chapman v. PacifiCare of Tex., Inc.*, Civil Action No. H-02-2188, 2002 U.S. Dist. LEXIS 27926 (S.D. Tex. Aug. 21, 2002). Considering that more circuits have adopted the nexus concept and, as explained below, the Fifth Circuit has adopted other arguments advanced in *Weyer, Ford,* and *Parker,* it is likely the Fifth Circuit would apply the nexus concept to cases involving website accessibility.

14.     In their Complaint, Plaintiffs contend the ADA applies because Barbri owns or operates a place of public accommodation, namely its lecture halls and offices. *See,* Plaintiffs' Complaint (Doc. 1) at ¶¶73-74. There is no allegation in the Complaint, however, that any of the alleged discrimination arises out of accessibility issues in these lecture halls or offices or physical spaces. Rather, as explained above, Plaintiffs' allegations exclusively relate to programs and software made available on barbri.com or on mobile applications, as well as accessibility issues with course materials provided in electronic format. Plaintiffs' Complaint (Doc. 1) at ¶¶42-45 (barbri.com) and ¶¶46-47 (course materials in electronic format). Consequently, none of the allegations has any nexus with any physical or concrete place. Plaintiffs' ADA claims should therefore be dismissed.

- **B. Title III prohibits entities from restricting access to the goods and services offered at places of public accommodation, but it does not require public accommodations to alter their goods and services.**

15.     The *Weyer, Ford,* and *Parker* cases, which held that the ADA does not apply unless a nexus exists between the alleged discrimination and a physical place, were not cases involving Internet websites. Rather, those cases involved allegations that insurance policies issued to or for the benefit of the plaintiffs violated the ADA because they denied the plaintiffs access to certain benefits on the basis of their disabilities. The courts in those cases noted the ADA prohibits public accommodations from denying access to the goods and services at their physical location, whatever those goods and services may be, but the ADA does not require the provision of different goods and services. *Weyer*, 198 F.3d at 1115. Thus, the ADA prohibits a bookstore from discriminating against the disabled by denying access to the store, but the bookstore is

not required to sell books available in Braille as well as print. *Id.; see also,* DOJ, Final Rule, *Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities,* 56 Fed. Reg. 35544, 35565 (July 26, 1991) ("Therefore, § 36.302 would not require the inventory of goods provided by a public accommodation to be altered to include goods with accessibility features."); *Doe*, 179 F.3d at 560, 563 (Title III "does not require a seller to alter his product to make it equally valuable to the disabled and to the nondisabled"). "The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." 56 Fed. Reg. at 35571.

16.     According to the Plaintiffs' Complaint, their allegations of discrimination primarily arise from the nature of the goods offered rather than access to the goods themselves. For example, Plaintiff Stanley complains that she was unable to utilize the StudySmart section at barbri.com due to the inaccessible flash window. Plaintiffs' Complaint (Doc. 1) at ¶ 42. In other words, Stanley does not complain that she lacked access to the website or the program itself on the basis of her disability; rather, she complains about the accessible nature of the program itself, which she alleges should have been altered to improve her experience.

17.     Although the Fifth Circuit has not addressed the argument about whether a website can be a place of public accommodation subject to the ADA, the Fifth Circuit has followed the reasoning of *Weyer, Parker, Ford* and *Doe* to hold that the ADA does not require public accommodations to modify or alter their goods and services to avoid vio-

lating the ADA. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000), *cert. denied*, No. 00-848, 2001 U.S. LEXIS 1724 (U.S. Feb. 26, 2001). The Fifth Circuit noted in *McNeil* that "[t]he goods and services that the business offers exist *a priori* and independently from any discrimination. Stated differently, the goods and services referred to in the statute are simply those that the business normally offers." *Id.* at 186-87. Similarly, the programs and software offered through the barbri.com website are Barbri's goods and services; requiring Barbri to make them accessible would require Barbri to modify or alter its goods and services in order to avoid violating Title III. *Id.* at 188. Because the Fifth Circuit would reject such a requirement, based on this precedent, the Fifth Circuit would likely hold Plaintiffs have not pleaded a claim for which relief may be granted under the ADA.

18.     For all of these reasons, Barbri therefore respectfully moves that this Court grant this Motion to Dismiss with respect to the Plaintiffs' ADA claims on the grounds that Plaintiffs have failed to plead facts to show sufficient nexus between the allegedly discriminatory conduct and Barbri's physical locations, and on the grounds Plaintiffs have failed to allege claims for which relief may be granted under the ADA.

### III.     Plaintiffs' State Law Claims should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.

19.     Chapter 121 of the Texas Human Resources Code does not impose any legal obligations on companies that operate public facilities to make their websites or other online offerings accessible to the visually impaired. Rather, Chapter 121 of the Texas Human Resources Code only prohibits discrimination through denial of the use of en-

joyment of public facilities, but does not impose any requirements with respect to the Internet or computer-based services. Because Plaintiffs have failed to state a valid cause of action for which relief may be granted under the Texas Human Resources Code, the Plaintiffs' claims should be dismissed. Fed. R. Civ. P. 12(b)(6).

20.   Section 121.003 of the Texas Human Resources Code mandates that persons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state. Section 121.002(5) defines "public facility" to include various physical locations and modes of transportation, including "a retail business, commercial establishment, or office building to which the general public is invited;…other educational facility; …and any other place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited." Tex. Hum. Res. Code § 121.002(5). The definition of "public facility" cannot be interpreted to include cyberspace or the Internet. By its express terms, Chapter 121 only applies to admission and access to physical public facilities. *See Dabney v. Highland Park Indep. Sch. Dist.*, Civil Action No. 3:15-CV-2122-L, 2016 U.S. Dist. LEXIS 44302, at *13-14 (N.D. Tex. Mar. 31, 2016) (rejecting plaintiffs' contention that Chapter 121 can be interpreted to include more than physical access to buildings).

21.   Section 121.003(c) prohibits the denial of admittance to any public facility due to a person's disability. Tex. Hum. Res. Code § 121.003(c). To constitute discrimination, not only must the public facility fail to either make reasonable accommodations or provide

auxiliary aids and services, but the entity must also refuse to allow a person with a disability to use or be admitted to any public facility. Tex. Hum. Res. Code § 121.003(d).

22. As explained above, while Plaintiffs allege Barbri failed to make reasonable modifications and provide auxiliary aids, they do not plead any facts to support a finding that Barbri refused to allow persons with a disability to use or be admitted to any physical public facility. Plaintiffs' Complaint (Doc. 1) at ¶ 61, 83-84. Consequently, the Plaintiffs' claims under Chapter 121 of the Texas Human Resources Code should be dismissed for failure to state a valid claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### III. Plaintiffs' claims should be dismissed because Plaintiffs lacked standing to assert their claims when they filed their Complaint

23. Barbri would show that Plaintiffs lacked standing to assert their claims in this action because, by their own admission, they had not participated in the Summer 2016 bar review course before the date they filed this lawsuit. Consequently, Plaintiffs could not have been discriminated against by Barbri prior to the filing of this lawsuit, and therefore they lacked any legal injury. Barbri moves to dismiss their claims for lack of subject matter jurisdiction because they lack standing and their claims were not ripe at the time of the filing of the suit.

24. A plaintiff bears the burden to show he has standing for each type of relief sought. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Standing ensures "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221

(1974). To establish standing, (1) the plaintiff must have suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing is determined as of the commencement of the suit. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir. 2005).

25.     "A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." *Davis v. FEC*, 554 U.S. 724, 734 (2008). Plaintiffs allege they have enrolled in Barbri's summer 2016 bar review course and "will suffer if BarBri is allowed to continue to discriminate against blind students in violation of federal and state law." Plaintiffs' Complaint (Doc. 1) at ¶ 3. However, in light of the remaining allegations in these Plaintiffs' Complaint, Plaintiffs cannot substantiate any claim that discrimination was imminent as of the date they filed this suit, and consequently they lack subject matter jurisdiction to continue this suit.

26.     Plaintiffs complain that Barbri has discriminated against them by refusing to provide an accessible website, mobile application and course materials, thus denying them full and equal enjoyment of Barbri's goods and services. Plaintiffs' Complaint (Doc. 1) at ¶ 76. Plaintiffs specifically identify the discrimination as failure to make reasonable modifications and accommodations and failing to take steps to ensure that no person with a disability is denied service due to the absence of auxiliary aids. Plaintiffs' Complaint (Doc. 1) at ¶ 78. Plaintiff further allege: "[b]y refusing to modify its website,

mobile app, and course materials, even when Plaintiffs have made reasonable requests and have lodged complaints…Barbri has denied Plaintiffs and continues to deny Plaintiffs, on the basis of their disability, the same access to Barbri's goods, services, facilities, privileges, advantages, and/or accommodations as the access provided to individuals without disabilities." Plaintiffs' Complaint (Doc. 1) at ¶ 79.

27.   But as fully acknowledged and judicially admitted by all of the Plaintiffs, the summer 2016 Barbri bar review course had not yet started as of the date they filed their Complaint. As a result, regardless of what had happened in past bar review courses, Barbri had not had any opportunity to address Plaintiffs' requests for modifications or auxiliary aids as of the date of the filing of the Complaint. Because their complaints of discrimination arise from conduct that had not yet occurred, rather than from a continuing policy or procedure or a more permanent condition, Plaintiffs cannot show that the discrimination was imminent at the time they filed suit. Consequently, whether the Plaintiffs would be discriminated against in the Summer 2016 bar review course was merely speculative, not actual or imminent. None of the Plaintiffs, therefore, had any standing to sue Barbri under the ADA and the Texas Human Resources Code. These claims should therefore be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### IV.   Conclusion and Prayer

As explained herein, the Plaintiffs have failed to state claims upon which relief may be granted under both the ADA and Chapter 121 of the Texas Human Resources Code. In addition, none of the Plaintiffs have standing to assert claims under the ADA or the

Texas Human Resources Code. For all these reasons, Defendant Barbri, Inc. respectfully moves that the Court dismiss all of the Plaintiffs' claims and causes of action against Barbri pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, and for such other and further relief to which Barbri, Inc. may show itself to be justly entitled and will ever pray.

Dated this 1st day of July, 2016.

        Respectfully submitted,

        Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, LLP

        By:     s/ R. Wayne Gordon
        R. Wayne Gordon
        Texas Bar No. 08206500
        wayne.gordon@tbjbs.com
        Amie P. Fordan
        Texas Bar No. 24036580
        amie.fordan@tbjbs.com
        4040 Renaissance Tower
        1201 Elm Street
        Dallas, Texas 75270
        Telephone: 214-741-1166
        Facsimile: 214-741-7548
Attorneys for Defendant Barbri, Inc.

### Certificate of Service

This is to certify that on this 1st day of July, 2016, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, and using the electronic case filing system, I served all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

        s/ R. Wayne Gordon
        R. Wayne Gordon