In the United States District Court
for the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Claire Stanley, Derek Manners, and | § | |
| Christopher Stewart, on behalf of | § | |
| themselves and all others similarly | § | |
| situated, | § | Civil Action No. 3:16-cv-01113-BK |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Barbri, Inc. aka Barbri Bar Review, | § | |
| | § | |
| Defendant. | § | |

### Consent Decree

1.  Claire Stanley, Derek Manners, Christopher Stewart (collectively Plaintiffs) and
    Barbri, Inc. (Barbri) (hereinafter collectively referred to as the Parties) have agreed to
    enter into this Consent Decree in order to fully and finally resolve Plaintiffs'
    individual claims advanced in the action captioned *Stanley, et al. v. Barbri, Inc.*, Case
    No. 3:16-cv-01113-BK (Lawsuit).

2.  Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12181-
    12189 and its implementing regulations, 28 C.F.R. pt. 36, prohibit discrimination on
    the basis of disability in the full and equal enjoyment of the goods, services,
    facilities, privileges, advantages, and accommodations of any place of public
    accommodation by any private entity that owns, leases (or leases to), or operates any
    place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). Chapter
    121 of the Texas Human Resources Code requires that all persons with disabilities

shall have the same right as persons without disabilities to the full use and enjoyment of any public facility in the State of Texas. Tex. Hum. Res. Code § 121.003(a).

3. On May 24, 2016, Plaintiffs Claire Stanley, Derek Manners, and Christopher Stewart, on behalf of themselves and all others similarly situated, commenced this civil action 3:16-CV-01113-BK in the United States District Court for the Northern District of Texas against Defendant Barbri, Inc., alleging discrimination in violation of the ADA, as well as in violation of Chapter 121 of the Texas Human Resources Code. In their First Amended Complaint, filed on July 19, 2016, Plaintiffs seek injunctive relief, attorneys' fees, and damages.

4. Defendant Barbri, Inc. offers a bar review course for individuals preparing to take a bar exam to become licensed as attorneys. Barbri's bar review course includes a number of different components and learning tools, including in-person lectures, published print materials, a mobile application for Android and iOS tablets and smart phones, and online web applications available at a login portion of the website (esc.barbri.com).

5. Plaintiffs are blind individuals who use screen reading software or built-in screen reading capabilities on  computers, smart phones or tablets to verbalize what is on the screen.

6. Plaintiffs allege in this lawsuit that they experienced accessibility barriers while participating in the Barbri bar review course.  Plaintiffs specifically challenge the accessibility and usability of the login portion of Barbri's online course content at

esc.barbri.com and accessibility of Barbri's mobile applications, which Plaintiffs allege are not compliant with the minimum criteria for web accessibility established by the Web Content Accessibility Guidelines ("WCAG"). Plaintiffs also challenge the formatting and timeliness of information and written materials provided by Barbri in electronic, large print, or braille formats.

7.  Barbri disputes and expressly denies Plaintiffs' allegations as set forth in Plaintiffs' Original and First Amended Complaint, denies that it has violated the ADA and its implementing regulations or Chapter 121 of the Texas Human Resources Code. Barbri further denies it is required to make the login portion of its website and its mobile applications conform to the WCAG 2.0 AA Success Criteria. Barbri denies that it has any liability to Plaintiffs and others similarly situated for any claim whatsoever. By entering into this Consent Decree, Barbri does not admit wrongdoing. Nothing in this Consent Decree shall be interpreted as an admission of liability by Barbri for violations of the ADA, Chapter 121 of the Texas Human Resources Code, or any other applicable federal, state, or local statutes or ordinances.

8.  To avoid the uncertainty, time and expense that would accompany further litigation in this matter, Plaintiffs and Barbri have agreed to enter into this Consent Decree, which fully and finally resolves Plaintiffs' individual claims as set forth in Plaintiffs' First Amended Complaint on file in this Court and settles all actual and potential claims or litigation between Plaintiffs and Barbri.

9. The Parties have agreed to enter into this Consent Decree, which memorializes the injunctive relief obligations herein imposed on Barbri pursuant to a confidential Settlement Agreement entered into separately between the Parties. In consideration of the covenants and mutual promises and agreements contained herein, and other valuable consideration described fully in the Parties' confidential Settlement Agreement, the Parties agree to the terms and conditions contained below in this Consent Decree.

10. The resolution of the instant action as set forth in this Consent Decree and the confidential Settlement Agreement does not resolve or affect the individual claims of members of the putative class action other than Plaintiffs Stanley, Manners and Stewart. This action will be dismissed without class certification.


**Jurisdiction**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4) because Plaintiffs assert a federal civil rights claim under § 12188(a) of the ADA. Barbri does not challenge this Court's exercise of personal jurisdiction over it. The Parties agree that venue is appropriate in this district. The Court retains jurisdiction to enforce this Consent Decree.

**Agreed Resolution**

12. Plaintiffs and Barbri agree that it is in all Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any

issues of fact or law raised in Plaintiffs' Complaint. As indicated by the signatures below, the Parties agree to entry of this Consent Decree by this Court.

In resolution of this Action, the Parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## I.    General Nondiscrimination Requirements

13. Pursuant to the terms of this Consent Decree, Barbri, during the term of this Consent Decree:

   a. Shall not deny individuals with visual disabilities, including Plaintiffs, the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through the login portion of its online course (esc.barbri.com), its mobile applications, its in-person lectures and its print materials;

   b. Shall not provide individuals with visual disabilities, including Plaintiffs, an unequal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through the login portion of its online course (esc.barbri.com), its mobile applications, its in-person lectures and its print materials; and

   c. Shall take the necessary steps to ensure that individuals with visual disabilities, including Plaintiffs, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through

the login portion of its online course (esc.barbri.com), its mobile applications, its in-person lectures, and its print materials.

## II.     Compliance with Title III of the ADA

**Remediation of Website and Mobile Applications**

14. According to the timeline set herein at Paragraph 19 below, Barbri will make usable for screen reader users and visually impaired students those components, modules, tools, or web applications that existed during the Summer 2017 bar review course, including any replacements to these components, modules, tools and web applications, on the login portion of its bar review course (at esc.barbri.com) and on Barbri's mobile applications. For purposes of this Consent Decree, "usable" is defined by the Web Content Accessibility Guidelines 2.0 Level AA Success Criteria (WCAG) using four core principles of accessibility: Perceivable, Operable, Understandable, and Robust.[1] To meet the usable standard required under this Consent Decree, the user interaction and interface elements on the login portion of the website (at esc.barbri.com) and Barbri's mobile applications must meet these four core principles. For purposes of this Consent Decree, "replacement" refers to and includes any and all components, modules, tools, or web applications that replace in whole or in part the functionality and educational purpose of any tools, components, modules, or web applications that existed in Summer 2017 but that are removed from the bar review course during the period of the Consent Decree. If, at

---

[1] For an explanation of the definitions of these four core principles, see:
http://www.w3.org/TR/2016/NOTE-UNDERSTANDING-WCAG20-20161007/complete.html

the end of the remediation period, technical violations of the WCAG 2.0 AA success criteria exist for certain components, tools, modules, or web applications on the login portion of the website (at esc.barbri.com) or on the mobile applications but such components, tools, modules, or web applications are nonetheless usable for screen reader users and other visually impaired students, such violations will not be regarded as failures to comply with this Consent Decree.

15. As part of this remediation obligation, Barbri agrees to make usable for screen reader users and the visually impaired all of the components, modules, tools and web applications present on the login portion of Barbri's bar review course and mobile applications that existed during the Summer 2017 bar review course, and any replacements to these components, modules, tools and web applications, including the following:

- Components of the Personal Study Plan, including the home page, My Assignments Page, My Progress Page, and Message Center page;
- Pages that allow for submitting essays or offline test answers;
- The login page at esc.barbri.com;
- The media player for streaming videos;
- All practice question tools/web applications that were available during the Summer 2017 course; and
- Barbri's Essay Architect Tool.

Barbri will also add audio descriptions to course videos that convey material content in a visual manner. Barbri may satisfy its remediation obligations by removing or replacing the identified accessibility barriers with alternative components, modules,

tools and/or web applications that are usable consistent with the WCAG standard set forth above. The specific tools, components, web applications and modules that must be remediated are identified fully in the separate confidential Settlement Agreement.

16. Barbri's remediation obligation under this Consent Decree does not include any components, tools, modules, or web applications that may be added to the login portion of the website or the mobile applications after Barbri's Summer 2017 bar review course, unless such components, tools, modules, or web applications replace the features or components listed above.

17. Barbri currently offers a dynamic assistive site (assistive.esc.barbri.com) hosted by Usablenet that provides the information available at esc.barbri.com on a platform that purports to conform to WCAG 2.0 AA Success Criteria. Until the remediation efforts can be completed within the timeline set forth in Paragraph 19 below, Barbri will require Usablenet to remediate any functions or features on the Usablenet assistive site that have been identified as out of conformance with the WCAG 2.0 AA Success Criteria before the first day of instruction for the Winter 2018 bar review course. Barbri will continue to use the Usablenet assistive site through the Summer 2018 course as an interim solution while remediations are developed for the login portion of Barbri's website (at esc.barbri.com).

18. After the remediation efforts have been completed according to the timeline set forth in Paragraph 19 below, Barbri agrees to maintain usability of the web applications, tools, modules, and components that underwent remediation on both the login

portion of its bar review course (at esc.barbri.com) and mobile applications as set forth above through any updates, maintenance, modifications, or reformatting of the login portion of the bar review website and mobile applicationduring the term of this Consent Decree, and Barbri will no longer use the Usablenet alternative assistive site as an accommodation for screen reader users and other visually impaired students.

**Timeline for Website and Mobile Application Remediation**

19. Barbri will complete its required website and mobile application remediation obligations as set forth in Paragraphs 14-18 according to the following schedule:

   a. For the Winter 2018 course (starting in December 2017), Barbri will utilize the dynamic assistive site hosted by Usablenet for visually impaired students who use screen readers, and as set forth in Paragraph 17, Barbri will require Usablenet to remediate the dynamic assistive site as specified within the confidential Settlement Agreement. .

   b. For the Summer 2018 course (starting in May 2018), Barbri will continue to utilize the dynamic assistive site hosted by Usablenet for visually impaired students who use screen readers, as an interim solution.

   c. Barbri will implement website and mobile applications remediations in the Winter 2019 course (starting in December 2018). Barbri will test and evaluate the accessibility and usability of the login portion of its website (at esc.barbri.com) and its mobile applications during the Winter 2019 course. In the event there are any components, tools, web applications or modules subject to this Consent

Decree and the confidential Settlement Agreement that are not usable during the Winter 2019 course, Barbri will make note of those accessibility barriers and address and correct such issues between the Winter 2019 and Summer 2019 courses. Barbri will have all accessibility remediation efforts completed by the beginning of the Summer 2019 course (starting in May 2019).

d. Notwithstanding the foregoing, the timeline for completion is subject to acts of God, force majeure, or events beyond Barbri's control, such as the inability of third-party software development contractors who develop or provide software subject to remediation to meet the deadlines imposed in this Consent Decree with respect to their own intellectual property. In the event of such unforeseen circumstances, the time period for completion of the remediation will be extended by the number of days reasonably attributable to such delay-causing event as long as Barbri provides notice to Plaintiffs, along with a statement explaining such unforeseen circumstances, within 15 days[2] of the occurrence of such events.

e. To the extent it is determined by Barbri's website accessibility consultant or Barbri's third-party software development contractors that a remediation cannot be completed without substantially altering the fundamental nature of a website application, module, tool, component, or mobile application feature, then Barbri will contact directly Mike Paciello at The Paciello Group, or one of his colleagues

---

[2] Unless specified otherwise, "days" means calendar days.

at The Paciello Group in the event Mr. Paciello is unavailable for whatever reason, to explain the issue. If Mr. Paciello agrees with Barbri's determination that the remediation cannot be completed without substantially altering the fundamental nature of the website application, module, tool, component, or mobile application feature, Barbri will be excused from remediating the particular website application, module, tool, component, or mobile application as otherwise required under this Consent Decree. If Mr. Paciello disagrees with Barbri's determination that the remediation cannot be completed without substantially altering the fundamental nature of the website application, module, tool, component, or mobile application feature, Barbri will consult directly with Mr. Paciello to craft a remediation that can be completed without substantially altering the fundamental nature of the item at issue. Barbri will bear all consulting fees and expenses arising out of its independent consultation with Mike Paciello and the Paciello Group.

**Confirmation of Website and Mobile Application Remediation**

20. Barbri will undergo an accessibility audit for the Summer 2019 course to verify that it has removed all accessibility barriers for screen reader users or other visually impaired students as required by the obligations set forth above in Paragraphs 14-18 and as specifically set forth in the confidential Settlement Agreement. The accessibility audit will be performed by an independent web accessibility consultant selected and retained by Barbri.

21. Any technical violations of the WCAG 2.0 AA Success Criteria noted by the website accessibility consultant that do not affect the usability of the components, tools, web applications, or modules of the login portion of its bar review course (at esc.barbri.com) or its mobile applications for screen reader users and other visually impaired students, according to the definition of usable as set forth in paragraph 14, will not be deemed to be violations of this Consent Decree. In the event the web accessibility consultant identifies any web applications, components, tools, or modules as not usable for screen reader users or other visually impaired students on the login portion of Barbri's website or on Barbri's mobile applications, if such web application, component, tool, or module was not available during the Summer 2017 bar review course and is not a replacement as defined in Paragraph 14 above, any finding by the website accessibility consultant that such component, web application, tool, or module is not usable will not be deemed to be a violation of or subject to this Consent Decree or the confidential Settlement Agreement.

22. In the event the website accessibility consultant determines that Barbri has remediated its site in compliance with its obligations under this Consent Decree and the confidential Settlement Agreement, such that the components, modules, tools, and web applications of the login portion of Barbri's website (at esc.barbri.com) and Barbri's mobile applications that are subject to this Consent Decree and the confidential Settlement Agreement are usable (as defined in this Consent Decree at Paragraph 14), the website accessibility consultant will provide a Notice of Website and Mobile Application Correction. The Notice of Website and Mobile Application

Correction will include confirmation by the website accessibility consultant that the consultant (1) has reviewed Barbri's obligations under this Consent Decree with respect to remediation of the login portion of its website and its mobile applications; (2) has audited Barbri's site using live-user testing and web accessibility evaluation techniques accepted in the industry, and (3) that Barbri has complied with the obligations in this Consent Decree. Barbri, through its attorneys, will file the Notice of Website and Mobile Application Correction in this civil action by July 1, 2019 and will serve Plaintiffs through their attorneys through the CM/ECF system.

23. In addition to the Notice of Website and Mobile Application Correction, upon request by Plaintiffs or their counsel, Barbri must also provide to Plaintiffs copies of all final web accessibility audit reports completed by the website accessibility consultant associated with the Summer 2019 audit.

**Web Accessibility Coordinator**

24. Barbri will designate an employee as the Web Accessibility Coordinator for esc.barbri.com and the mobile applications. The Web Accessibility Coordinator:

    a. will be knowledgeable about the terms of this Consent Decree and the confidential Settlement Agreement entered into between the Parties, WCAG 2.0, and web accessibility generally;

    b. will be responsible for overseeing, managing, and coordinating Barbri's implementation of this Consent Decree and the Settlement Agreement entered into between the Parties;

    c. will act as an accessibility monitor for the login portion of Barbri's website (at esc.barbri.com) and the mobile applications.

**Web Accessibility Training**

25. One time during the term of this Consent Decree, Barbri will provide mandatory web accessibility training to all development team employees who write or develop programs or code for, or who publish final content, to esc.barbri.com or its mobile applications on how to conform all web content and services with, at minimum, WCAG 2.0 AA Success Criteria and the terms of this Consent Decree. Barbri will ensure that its software development contractors are familiar with WCAG 2.0 and the requirements of this Consent Decree to the extent necessary to perform the duties under their contract.

**ADA Director Accessibility Training**

26. During the term of this Consent Decree, Barbri will ensure that its National ADA Director and any new person that occupies the role of National ADA Director has attended a formal ADA training session to be provided by a provider agreed to by the Parties. In addition, training materials for the National ADA Director, regional ADA coordinators, and campus representatives will include the internal benchmarks set below in Paragraphs 27(b) and 27(c) related to the required timelines for students to make requests for accommodations.

**Internal Benchmarks and Policies for Responding to Requests for Accommodations**

27. During the term of this Consent Decree, Barbri agrees to set the following internal benchmarks for responding to requests for reasonable accommodations from students with visual impairments or sight-based disabilities:

    a. Within 5 business days of Barbri receiving a Request for Accommodation from a blind or visually impaired student, Barbri will

provide the student a list of common reasonable accommodations offered to blind students.

b. Barbri will provide all print materials in the requested digital format or large print no later than one week before the first day of instruction for the applicable course if the visually impaired student has requested accommodations at least 60 days before the first day of instruction. However, notwithstanding the foregoing, Barbri will provide print materials requested in Braille no later than one week before the first day of instruction only if the student has requested Braille materials at least 90 days before the first day of instruction.

c. If a student requests accommodations for print materials less than 60 days before the first day of instruction (or less than 90 days before the first day of instruction if the student requests Braille materials), Barbri will provide the requested materials as soon as possible and will endeavor to provide the materials before the date the particular materials are needed in the course.

d. Upon request, Barbri will provide course lecture videos on MP4s on a flashdrive either one week before the first day of instruction or within 5 business days of receipt of a request for such videos, whichever is later.

e. Barbri will make its best efforts to include a link to the ADA Accommodations Page  on its marketing website within all its marketing material transmitted via email in advance of a bar review course to students enrolled in law school who receive marketing materials from Barbri by email in advance of a bar review course.

f. Barbri will enforce its existing requirement that lecturers use the templates for handouts and submit the completed templates on time.

g. Barbri will implement a web-based reporting tool for complaints, concerns, and suggestions about accessibility by students with disabilities, and the tool will be monitored by both the National ADA Director and a designated web developer or other appropriate staff member.

h. Barbri agrees that it will collect all accessibility complaints or concerns received during a bar review course related to the experience of visually impaired students. By August 31 of each year of this consent decree (for the summer course) or March 31 of each year of this consent decree (for the winter course), the National ADA Director will

generate a report with all accessibility complaints, to be forwarded to Barbri's VP of Operations. Any website accessibility issues will be forwarded to the development team. If Barbri's development team cannot identify a technological fix for a particular website accessibility complaint and if the same website accessibility complaint is repeated in consecutive bar review courses, Barbri will consult an outside accessibility expert regarding solutions for remediating the complaint.

i.   Barbri agrees that it will endeavor to implement any non-web-based changes prior to the start of its Winter 2018 course, and it will have all changes finalized and in place for the Summer 2018 course.

**Modification to Barbri's Enrollment Agreement**

28. During the term of this Consent Decree, Barbri will modify its enrollment agreement to allow the student to select an option that indicates: "I am interested in learning more about reasonable accommodations provided by BARBRI Bar Review to students with disabilities." Students who select this option will be contacted by e-mail no later than five business days of Barbri's receipt of the completed enrollment agreement with information about how to obtain reasonable accommodations.

**Notice and Opportunity to Cure**

29. If Plaintiffs or their counsel believes that this Consent Decree or any portion of it has been violated with respect to Barbri's obligations under this Consent Decree or the confidential Settlement Agreement, including if Barbri fails to timely provide the Notice of Website and Mobile Application Correction as required by Paragraph 22, or if Barbri fails to comply with the obligations set forth in Paragraph 27 above, prior to seeking enforcement of this Consent Decree, Plaintiffs or their counsel shall give notice (including reasonable specifics) of such suspected violation to Barbri. Barbri must respond to such notice as soon as practicable, but no later than 10 days after

receipt of such notice by (1) notifying Plaintiffs that it concedes the violation and will agree to remediate the violation or (2) notifying Plaintiffs that it disputes the violation.

30. If the suspected violation relates or refers to Barbri's website or mobile applications remediations, Plaintiffs may request login credentials for the login portion of the bar review course (at esc.barbri.com) and mobile applications, and Barbri will provide login credentials for the course in progress at the time of the request within 10 days of the request. If the request for login credentials is made at a time when Barbri's bar review course is not in session, Barbri may provide login credentials for a sample account that may not have content identical to course content available on the website when the course is in session.

31. In the event Plaintiffs' notice of suspected violation relates to or refers to a web application, component, tool, or module on the login portion of Barbri's website (at esc.barbri.com) or on Barbri's mobile applications that was not available during the Summer 2017 bar review course (as identified in the Confidential Settlement Agreement) and does not replace the components or web applications that were required to be remediated under the confidential Settlement Agreement or this Consent Decree, any finding that such component, web application, tool, or module is not usable will not be deemed to be a violation of or subject to the Settlement Agreement or this Consent Decree.

32. In the event Barbri disputes it has violated this Consent Decree, if the suspected violation relates to the login portion of Barbri's website (at esc.barbri.com) or

Barbri's mobile applications, Barbri will send Plaintiffs or their counsel a response confirmed by a web accessibility consultant explaining the basis for Barbri's dispute with the Plaintiffs' notice of suspected violation. If the suspected violation pertains to Barbri's delivery of print materials or other provisions of this Consent Decree that do not relate to Barbri's website and mobile application remediation obligations, Barbri will send Plaintiffs a written response setting forth the basis of its disagreement.

33. If after receiving Barbri's response, Plaintiffs continue to believe the Consent Decree has been violated either with respect to Barbri's remediation of the login portion of its website (at esc.barbri.com), or its mobile applications, or with respect to Barbri's provision of written course materials or other obligations under this Consent Decree, the Parties shall coordinate a meeting, which may include their own web accessibility consultants or experts as appropriate, to discuss the dispute and whether a resolution can be reached with respect to the dispute.

34. In the event the Parties are able to reach a compromised resolution regarding the suspected violations that requires Barbri to take some corrective action, or in the event Barbri acknowledges a violation of the Consent Decree, Barbri will have 90 days starting from the date of compromise or acknowledgment to correct the violation before Plaintiffs may seek court enforcement of this Consent Decree. Barbri will make its best efforts to complete and implement the required remediation prior to the expiration of the 90-day period if possible.If the Parties reach the compromised resolution or Barbri acknowledges the violation while a bar review

course is in progress or less than 90 days before the start of a bar review course, and

if the violation results in a website or mobile application accessibility barrier to

visually impaired students enrolled in a bar review course that impacts the students'

ability to obtain course materials or to participate in the online learning tools or web

applications of the course, Barbri will engage in an interactive process with the

affected students, including notifying all blind students or students with known

visual impairments enrolled in the course, to provide a reasonable accommodation

to ensure effective communication of the material conveyed by the web application,

tool, component, or module at issue during the bar review course, and Barbri shall

offer such reasonable accommodation to all visually impaired students enrolled in

the course who have requested reasonable accommodations. In the event Barbri

invokes this 90-day cure period, within the sooner of 7 business days after Barbri

completes the remediation or the last day of the 90-day period, Barbri must provide

notice to the Plaintiffs identifying what steps were taken during the cure period to

correct the alleged violation and confirming the remediation was performed. In the

event the correction involves website remediation, Barbri must provide login

credentials to Plaintiffs' expert upon request so that Plaintiffs may confirm

remediation of the violation.

35. If the Parties are unable to reach a mutually acceptable resolution, or if Barbri fails to

correct the violation within the 90-day cure period set forth in Paragraph 34,

Plaintiffs may seek court enforcement of compliance with this Decree. Plaintiffs and

Barbri will each bear their own attorneys' fees and costs and any expert or

consulting fees, costs, and expenses incurred for the notice and cure period. The court may, in its discretion, award reasonable and necessary attorneys' fees and costs to prosecute the enforcement action if Plaintiffs demonstrate a material breach of this Consent Decree. If Plaintiffs fail to demonstrate a material breach of this Consent Decree in an enforcement action, the Court may, in its discretion, award Barbri reasonable and necessary attorneys' fees and costs for defending the enforcement action.

### III.    Release by Plaintiffs

36. For and in consideration of the promises, covenants, and undertakings contained in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs Claire Stanley, Derek Manners, and Christopher Stewart each herein irrevocably and completely release, acquit, and forever discharge Barbri, Inc., including its parents, predecessors, successors, assignees, subsidiaries, employees, agents, representatives, affiliates, insurers, and attorneys and all other entities or person(s) related to or affiliated with Barbri, Inc., of and from any and all legal or equitable claims, demands, causes of action, liabilities, obligations, damages, losses, costs, attorneys' fees and expenses of every kind and nature whatsoever, arising under Title III of the ADA or any other federal, state, or local law governing access features and policies for persons with disabilities applicable to public accommodations or public facilities, and any claims which each Plaintiff has or may have against Barbri, Inc. relating to and arising out of Barbri's

bar review course, its website, its print materials and materials provided in electronic or digital formats, and its mobile applications, up and until the effective date of the confidential Settlement Agreement, except that Plaintiffs retain the right to enforce this Consent Decree and the Settlement Agreement.

37. As a material inducement for Barbri to enter into this Agreement, Plaintiffs each represent and warrant that they are not aware of any pending tort, contract, or other legal claims against Barbri arising out of or related to the allegations in their First Amended Complaint, other than the specific claims brought in this Action under Title III of the ADA and Chapter 121 of the Texas Human Resources Code, which are released under this Agreement.

38. Plaintiffs each represent and warrant that no portion of any of the matters released by this Agreement and no portion of any recovery or settlement to which they might be entitled have been assigned or transferred to any other person, firm, or corporation not a party to this Agreement, in any manner, including by way of subrogation or operation of law or otherwise.

## IV.   Other Provisions

39. It is expressly understood and agreed that this Agreement and the performance of the obligations in this Agreement reflect the compromise and settlement of disputed claims among the Parties and are for the sole purpose of compromising and settling the disputed claims. This Agreement and its provisions, including any and all drafts, communications, and discussions relating to it, shall not be construed as or deemed to be an admission of liability or wrongdoing by Barbri or evidence of an admission

or concession of any point of fact or law by Barbri, and shall not be offered or received in evidence or requested in discovery in any action or proceeding as evidence of an admission of liability. Barbri expressly denies any liability or wrongdoing whatsoever.

40. This Consent Decree shall become effective as of the date of the Court's entry of it and shall remain in effect for 3 years from that date.

41. This Consent Decree, and the actions described in it, are intended to remedy all violations or potential violations of the ADA and the Texas Human Resources Code alleged in Plaintiffs' First Amended Complaint in this action.

42. No modification of this Consent Decree shall be effective unless approved by the Court. Notwithstanding the foregoing sentence, any time limits or deadlines for performance imposed by this Consent Decree may be extended by the mutual written agreement of the Parties.

43. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

44. This Consent Decree shall be binding on Barbri, Inc. and its subsidiaries, agents, employees and officers. In the event that Barbri, Inc. seeks to transfer or assign all or part of its interest in any service covered by this Decree, and the successor or assign intends on carrying on the same or similar use of the website, online services, or bar

review course, then as a condition of sale, the corporation shall obtain the written accession of the successor or assign to any obligations remaining under this Decree for the remaining term of this Decree.

45. The Parties shall provide a copy of this Decree to any person upon request.

46. The Plaintiffs' Complaint shall be dismissed with prejudice to refiling same but without prejudice to the Plaintiffs' rights to petition the Court, at any time during the duration of the Consent Decree, to reopen the case for purposes of enforcing this Consent Decree. The Parties will endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

47. The signatories represent they have the authority to bind the respective Parties identified below to the terms of this Decree.


IT IS SO ORDERED this *22nd* day of *January*, 2018.

_____
Judge Presiding

By their signatures below, the Parties respectfully consent to the entry of this Consent Decree.

For the Plaintiffs:

_____

Claire Stanley

_____

Derek Manners

_____

Christopher Stewart

County/City of Warren
Commonwealth/State of Kentucky
The foregoing instrument was acknowledged
me this 19 day of Jan, 2018
by Chris Stewart
(name of person acknowledging)
Notary Public
My Commission Expires: May 19, 2020

By their signatures below, the Parties respectfully consent to the entry of this Consent Decree.

For the Plaintiffs:

_____
Claire Stanley

_____
Derek Manners

_____
Christopher Stewart

By their signatures below, the Parties respectfully consent to the entry of this Consent Decree.

For the Plaintiffs:

_____

Claire Stanley

_____

Derek Manners

_____

Christopher Stewart

District of Columbia: SS
...scribed and sworn to before me, in my presence,
this 18th day of   JANUARY   2018
Emily C. Otto, Notary Public, D.C.
My commission expires November 30, 2020.



/s/ Deepinder K. Goraya
Deepinder K. Goraya (admitted *pro hac vice*)
Matthew K. Handley (admitted *pro hac vice*)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
(202) 319-1000 (phone)
(202) 319-1010 (fax)
deepa_goraya@washlaw.org
matthew_handley@washlaw.org


Joseph M. Sellers (admitted *pro hac vice*)
Shaylyn Cochran (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS AND TOLL
PLLC
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
(202) 408-4600 (phone)
(202) 408-4699 (fax)
jsellers@cohenmilstein.com
scochran@cohenmilstein.com
Counsel for the Named Plaintiffs and
Proposed Class Counsel

Hani Mirza
State Bar No. 24083512
TEXAS CIVIL RIGHTS PROJECT
501 Elm Street, Ste. #450
Dallas, Texas 75202
(972) 333-9200 (phone)
(512) 474-0726 (fax)
Counsel for the Named Plaintiffs

For Defendant Barbri, Inc.

Daniel J. Wilson
Chief Financial Officer, on behalf of Barbri, Inc.

Jessica Glatzer Mason
Texas Bar No. 24051001
jmason@gardere.com
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002
Telephone: 713-276-5793
Facsimile: 713-276-5555
*Attorneys for Defendant Barbri, Inc.*

*and*

R. Wayne Gordon
Texas Bar No. 08206500
wayne.gordon@tbjbs.com
Amie P. Fordan
Texas Bar No. 24036580
amie.fordan@tbjbs.com
Touchstond, Bernays, Johnston, Beall, Smith &
Stollenwerck, LLP
4040 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone: 214-741-1166
Facsimile: 214-741-7548
*Attorneys for Defendant Barbri, Inc.*